UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUIS MENDIOLA, | § | |
| TDCJ # 1798740, | § | |
|     Petitioner, | § | |
| | § | |
| 5. | § | EP-13-CV-30-KC |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR DISCOVERY**

In a *pro se* motion [ECF No. 9], Petitioner Luis Mendiola ("Mendiola"), a state prisoner[1] at the Sanchez Unit in El Paso, Texas, asks the Court to authorize him to conduct discovery. Mendiola claims he needs "'ALL' documents and trial court records to aid and assist him"[2] with his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[3] Parties must obtain leave of the Court to conduct discovery in proceedings pursuant to Rule 6 of the Rules Governing Section 2254 Proceedings.[4]

---

[1] A state district court in El Paso County, Texas, found Mendiola guilty of driving while intoxicated and sentenced him to two years' imprisonment. He did not appeal his conviction. *See State v. Mendiola*, Cause No. 20020D03808 (168th Dist. Ct., El Paso Cnty., Tex. June 13, 2012); *Ex parte Mendiola*, No. WR-78,771-01, 2013 WL 173195 (Tex. Crim. App. Jan. 16, 2013).

[2] Mot. for Discovery 2 (emphasis in original).

[3] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

[4] *See* 28 U.S.C. § 2254 Proc. R. 6(a) (stating that leave of Court is required before parties in a § 2254 proceeding may engage in discovery).

Furthermore, a court may authorize discovery in a § 2254 proceeding only upon a showing of good cause.[5] The Fifth Circuit has held that "good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief."[6] Before authorizing discovery, the Court must first conclude that the specific allegations in the motion "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief."[7] In that regard, a movant's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery."[8] "Simply put, Rule 6 does not authorize fishing expeditions."[9]

In his § 2254 petition [ECF No. 5], Mendiola challenges the calculation of his sentence, the validity of his sentence and sentence enhancement, and the denial of his release to mandatory supervision. In his instant motion, Mendiola seeks "'ALL' documents and trial court records"[10] including, but not limited to, witness statements, indictments, jury notes, court charges, docket sheets, notices of appeal, and appellate decisions. Mendiola does not, however, provide specific facts showing that, if the Court allowed the proposed discovery to proceed, he would prevail in his § 2254 petition. Thus, Mendiola's instant motion falls far short of the showing of good cause

---

[5] *Id.*

[6] *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).

[7] *Id*.

[8] *Id.*

[9] *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

[10] Mot. for Discovery 2 (emphasis in original).

necessary to permit discovery under Rule 6.

Accordingly, after due consideration, Mendiola's *pro se* motion [ECF No. 9] is **DENIED**.

**SO ORDERED**.

**SIGNED** this 2nd day of April 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE